Moorman v. Shockney et al.

No. 10,687.

MOORMAN v. SHOCKNEY ET AL.

PRACTICE.— Uncertainty in Pleading.—Demurrer.—Uncertainty in a plead-
ing is not presented by a demurrer, unless the uncertainty be such that
no cause of action is stated.

SAME.—Motion to Make More Specific.—Uncertainty in a pleading should be
presented by a motion that the pleading be made more specific.

PROMISSORY NOTE.—Failure of Payee to Credit Payment.—Remedy of Maker,
on Sale of Note.—Complaint.—Demand.—Husband and Wife.—J., to obtain
a loan from M., procured S. to execute to M. his promissory note, and
then J. and his wife executed to S. their promissory note for the same
amount secured by a mortgage on her land, which note and mortgage,
endorsed by S., were delivered to M., together with the other note, both
payable in bank, and both given solely to procure said loan. Certain
payments made to M. by J. were endorsed on the individual note of S.,
but not on the other. S.'s note being surrendered to him, M. sold and
endorsed the other note and the mortgage, for value and before matu-
rity, to one who had no knowledge of such payments, and who procured
judgment on the note and foreclosure of the mortgage. J. being insol-
vent, he and his wife sold and conveyed the mortgaged premises to the
plaintiff, in payment of such judgment. J.'s wife then sued M. for the
amount of such payments, alleging the foregoing facts.

Held, on demurrer, that such payments ought to have been endorsed on
both notes by M., without request or agreement so to do; that it was
not necessary to allege that M. knew the land was the wife's separate
property, nor the price he had obtained for the note and mortgage, and
that the complaint is good.

From the Randolph Circuit Court.

W. A. Thompson and J. W. Thompson, for appellant.
E. L. Watson and J. S. Engle, for appellees.

NIBLACK, J.—Action by Rachel E. Shockney and her hus-
band, James N. Shockney, against James Moorman, for the
recovery of money. The complaint was in two paragraphs.
The first was a common count accompanied by a bill of par-
ticulars, and the second specially alleged the facts upon
which the demand for judgment was based. A demurrer to
the second paragraph was overruled, and the plaintiffs ob-
tained a verdict for $146.50. Upon a remittitur for $38.23

being entered, a new trial was denied, and judgment rendered for $108.28.

A question is made here upon the sufficiency of the second paragraph of the complaint. That paragraph charged that on the 26th day of May, 1877, the plaintiff James N. Shockney, wishing to obtain the loan of $700, and desiring to avail himself of the credit of Moorman, the defendant, at the Winchester bank, procured one Samuel Shockney to make his promissory note to the defendant for the sum of $700, payable at said Winchester bank three years after date, at ten per cent. interest from the time of its execution ; that to further secure the defendant in the premises, and to indemnify and save the said Samuel Shockney harmless on account of his having made said note to the defendant, the plaintiffs, on said 26th day of May, 1877, made to the said Samuel Shockney their promissory note for the like sum of $700, also payable three years after date at said Winchester bank, with ten per cent. interest from date, and to secure the payment of such note executed a mortgage on certain real estate belonging to the plaintiff Rachel E. Shockney, to the said Samuel Shockney ; that, on the same day, the said James N. Shockney and Samuel Shockney delivered both of these promissory notes herein above mentioned, together with the mortgage executed as above, to the defendant, the last named note being endorsed by Samuel Shockney to the defendant ; that the said James N. Shockney thereupon received from the defendant the sum of $630, the latter retaining the sum of $70, as interest paid in advance, and crediting that sum on the note executed by Samuel Shockney to him as interest thus paid in advance for one year ; that afterwards, that is to say, on the 28th day of June, 1878, the plaintiff James N. Shockney, through the agency of Samuel Shockney, paid the further sum of $20 on said indebtedness, and, on the 21st day of August, 1878, the further sum of $20, all of which payments were placed as credits upon the note made by Samuel Shockney ; that at the time said credits, and each of them, were entered upon the

back of the note executed by Samuel Shockney, it was understood and agreed that like credits should be entered on the note made by the plaintiffs to Samuel Shockney, and held by the defendant as herein above stated; that the defendant failed, neglected and refused to enter said credits, or any one of them, on said last named note; that on the 10th day of May, 1880, the defendant surrendered to Samuel Shockney the note executed by him, and retained only the note and mortgage made by the plaintiffs to secure the payment of the debt then owed by the plaintiff James N. Shockney to him, the defendant, and that, on the day last named, the defendant sold, and, by his endorsement thereon in writing, transferred, to one Margaret Turner, said note and mortgage, without having entered any credits or noted any payments thereon, she, the said Margaret Turner, having no knowledge at the time that any payment had been made upon the indebtedness represented by the note and mortgage so purchased by her; that after the maturity of the note the said Margaret Turner commenced proceedings in the Randolph Circuit Court against the plaintiffs herein, to foreclose the mortgage so transferred to her by the defendant; that the plaintiffs, as defendants in those proceedings, set up the payments which had been made to Moorman, the defendant herein, as above set forth, as a partial defence to the action, but the court refused to allow those payments as credits in favor of the plaintiffs, upon the ground that the note had been negotiated before it became due, and rendered judgment against the plaintiff James N. Shockney for the full amount of the note with interest computed thereon, and entered a decree for the foreclosure of the mortgage against him and his co-plaintiff, Rachel E. Shockney; that the plaintiff James N. Shockney was, at the time, insolvent and without means to pay the judgment so rendered against him, or any part thereof; that the plaintiff Rachel E. Shockney thereupon, as the surety of her said husband, paid and satisfied said judgment by conveying the mortgaged lands to the said Margaret Turner, and without

receiving any credit for the payments on the note which the mortgage was given to secure.    Wherefore the plaintiffs averred that the said Rachel E. Shockney had, as such surety, been compelled to pay, and had paid, $110, with accrued interest thereon, more than she ought to have been required to pay, and demanded judgment for $200.

Objections are made to the sufficiency of this paragraph of the complaint: *First*. That it was not directly averred that the money received by James N. Shockney from Moorman was obtained by him as a loan, and that it can not be fairly inferred from the facts as stated that the money thus received by the said Shockney was as a loan.    *Secondly*. That it is not made to appear that Moorman was a party to the alleged understanding and agreement that the payments made to him were to be also entered as credits on the note executed by the plaintiffs.    *Thirdly*. That there was no averment that Moorman had been requested to enter these payments as credits on the note lastly referred to.    *Fourthly*. That it was not charged that Moorman knew that the lands mortgaged to Samuel Shockney were the separate property of the plaintiff Rachel E. Shockney.    *Fifthly*. That the value of the mortgaged lands was not stated.    *Sixthly*. That the amount which Moorman received from Margaret Turner for the note and mortgage executed by the plaintiffs was not alleged, and that for that reason it was not affirmatively shown that Moorman had received more money than he was equitably entitled to receive upon the note and mortgage.

It is claimed that for these reasons the paragraph under consideration was bad for uncertainty, and that on that account the demurrer to it ought to have been sustained.

The rule may be stated in general terms to be that where facts sufficient are alleged, whether directly or inferentially, to constitute a cause of action, a demurrer will not be sustained because of uncertainty in some of the averments of the complaint.    Questions can only be made upon such uncertain averments by a motion to have them made more specific.

A demurrer to a complaint for uncertainty will be sustained only when the uncertainty is so great as to amount to a failure to state a cause of action.    Buskirk Pr. 185;  1 Works Pr., section 493.

Tested by this general rule, we think the paragraph before us was sufficient upon demurrer.   It contained an averment that the object in procuring Samuel Shockney to execute his note to Moorman was to enable James N. Shockney to obtain a loan, and that the other note and accompanying mortgage were executed in aid of that object.   All that afterwards occurred between the original parties to the transaction was consistent with the theory that the money received by James N. Shockney from Moorman came to him as a loan, and the inference that such was the case. is fairly deducible from the facts and circumstances charged in the paragraph.   If, as the demurrer admitted, both notes were given to secure the same indebtedness, the plaintiffs were entitled to have any payment made upon that indebtedness entered as a credit upon both notes, independently of any understanding or agreement that such payments should be so entered, and it was the duty of Moorman to enter all payments as credits before disposing of either one of the notes, and that, too, without being requested to do so.

It was also quite immaterial whether or not Moorman knew that the mortgaged lands were the separate property of Rachel E. Shockney as the wife of his principal debtor.   His duty as to entering all proper credits on the notes was not affected by the question as to whom the mortgaged lands belonged; nor was his duty in that respect affected by the amount which he may have received as purchase-money for the note and mortgage from Margaret Turner.   When considered with reference to its essential averments, the *gist* of the paragraph was that Moorman had so demeaned himself, in connection with the transaction described, as to compel the plaintiff Rachel E. Shockney to pay to Margaret Turner, by the conveyance of real estate, over $100 more than she ought

to have been required to pay, and in that view the paragraph made a good *prima facie* cause of action.

It is next and lastly claimed that the damages were excessive. But the evidence is not in the record, and we have, hence, no means of estimating the damages, if any, which the plaintiffs ought to have recovered.

The judgment is affirmed, with costs.

Filed April 22, 1884.